Smith v. Leu.

WILLIAM F. SMITH, APPELLEE, v. FRED LEU ET AL., APPELLANTS.

FILED MAY 15, 1923. No. 22398.

1. **Fraud:** PLEADING. In an action by a purchaser of personal property to recover damages for false representations inducing the sale, his petition should allege that he relied on the false representations.

2. ———: MEASURE OF DAMAGES. The measure of damages in an action by a purchaser for false representations in the sale of personal property permanently retained by him, if worth anything, is generally the difference between its actual and represented value when sold.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*George N. Gibbs,* for appellants.

*W. E. Flynn, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BEGLEY, District Judge.

ROSE, J.

This is an action to recover damages for false representations by which defendants induced plaintiff to purchase from them the lease of a lot occupied by them as a garage, the property connected with it and the business therein conducted. The purchase price was paid by means of a certificate of deposit for $1,000 issued to plain-

tiff by the Bank of Lincoln county at Hershey, with accrued interest amounting to $20, and plaintiff's personal check on the same bank for $2,000. On this paper defendants procured from plaintiff $3,020, the amount of damages claimed. This was accomplished by fraudulent representations, according to the petition, without any consideration whatever, while plaintiff was helpless in a hospital and mentally incapable of transacting business. In the answer of defendants they denied the fraud charged, pleaded their contract of sale, and alleged performance on their part. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $3,245.50. From a judgment thereon defendants have appealed.

The overruling of a demurrer to the petition is the first assignment of error presented. · It is insisted that the petition does not contain the necessary allegation that plaintiff relied on the fraudulent representations pleaded by him. Unfortunately the petition is a crude and ungrammatical pleading, mingling material and immaterial facts. Reliance on the false representations pleaded is not directly alleged in, but is implied by, the petition which might be held sufficient after a trial on the merits, including the issue of such reliance, if the record were otherwise free from error; but the petition was assailed by a preliminary demurrer and plaintiff should have been required to amend, a right which has not been lost.

The principal assignment of error is directed to the following language in one of the instructions:

"If the jury believe, from the evidence, that at the time of making the contract and purchase involved herein, you find that plaintiff's mind was so weak, unsound, or diseased, that he was incapable of understanding the nature of his contract, the nature of the acts to be by him performed thereunder, or the consequence of his contract, then the two minds did not meet, and because of such fact, the contract is not binding, and you should find for plaintiff in the amount paid thereon, with interest there-

Smith v. Leu.

on, at the rate of seven per cent. per annum from November 1, 1919, to this date."

This was not applicable to the issues or the proofs. The trial court properly construed the petition to be one for damages for false representations. Otherwise plaintiff did not plead facts constituting a cause of action. He retained what he received under the contract and did not rescind it. Plaintiff did not plead a cause of action to recover back the consideration for a rescinded purchase. The measure of damages for false representations was misstated by the trial court and the jury rendered a verdict for the amount authorized by the erroneous direction—the consideration paid by plaintiff and interest. The rascality constituting the fraud and the worthlessness of what defendants pretended to sell to plaintiff for $3,020 were vehemently urged to show there was no prejudicial error in the instruction. The fallacy in the argument, however, is that it disregards the jury as triers of fact on the issue of damages. Under the contract alleged by plaintiff to have been procured by fraud, he took possession of the garage and occupied it for a time as a business venture. There is evidence tending to prove that he acquired from defendants and retained valuable rights and property under his purchase. These the jury, under the instruction quoted, were authorized to, and did, disregard in determining the amount of plaintiff's award. If the privileges, rights and property acquired by plaintiff were of no value, contrary to some of the testimony, the jury should have been permitted to find that fact. The measure of damages in an action by a purchaser for false representations in the sale of personal property permanently retained by him, if worth anything, is generally the difference between its actual and represented value when sold. The error in the instruction, therefore, is obviously prejudicial to defendants. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.