AL KOYEN, APPELLEE, v. CITIZENS NATIONAL BANK, APPELLANT.

FILED DECEMBER 1, 1921.   No. 21783.

Damages. Where property, a part of the realty to which it is attached, is destroyed without damage to the realty itself, and where the nature of the thing destroyed is such that it is capable of being replaced at once, and the cost of doing so is capable of reasonable ascertainment, the measure of damages for its negligent destruction is the reasonable cost of replacing the property in like kind and quality.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Barnhart & Stewart,* for appellant.

*Kelsey & Rice, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BUTTON and COLBY, District Judges.

BUTTON, District Judge.

Appellant held a chattel mortgage upon the property of one Craig, lessee of a building owned by appellee in the city of Norfolk, Nebraska. Craig's property, consisting of a stock of automobiles and automobile equipment and accessories, was located in the first floor rooms of appellee's building. Appellant took possession of this

property under its mortgage and also took and held pos-session of the ground floor of appellee's building without the knowledge or consent of appellee. During some very cold weather appellant permitted the fires to go out in said building, and the water in a boiler, used to heat the building, was frozen and the boiler ruined. Appellee sued appellant for the damages, and alleged appellant was negligent in permitting the fires to go out without first draining the boiler. Issue was joined and trial had, resulting in a verdict for appellee for $1,125. Motion for a new trial was overruled and judgment rendered for appellee. Appellant contends for a reversal on the question of damages.

The only matter seriously argued is with reference to the measure of damages. Complaint is made of the evidence and instruction No. 4 given by the court on its own motion. The first paragraph of instruction No. 4 is as follows:

"If you find by a preponderance of the evidence that said boiler was injured by reason of the negligence of defendant's agents while in the possession of defendant and also find by a preponderance of the evidence that said boiler was injured beyond repair, that is, that it could not be repaired and made as good as it was before it was injured by replacing injured parts thereof with new parts of like character, then you will find for the plaintiff and find the amount of his damages to be such sum as you find from a preponderance of the evidence would be the reasonable cost of replacing said boiler with one of like kind and quality in such building to take the place of the one injured by such negligence."

Property such as fences, parts of buildings, and machinery, and furnaces, is capable of being replaced, and the proper measure of damages for the destruction thereof is the cost of restoring or replacing such property. 8 R. C. L. 484, sec. 46. If the property destroyed has no value separate and apart from the realty, the measure of damages for property destroyed is the difference between

the value of the real estate before the injury and after the injury. But as to the destruction of property which is a part of the real estate, whose destruction does the realty itself no damage and is capable of being repaired or replaced, the measure is the cost of repairing or restoring the same.

"In an action for damages to growing trees, evidence showing the effect the destruction of the trees had on the value of the land is admissible when the nature of the trees destroyed is such that they have no value, except with reference to and as a part of the real estate." *Alberts v. Husenetter*, 77 Neb. 699.

Here the court held the measure of damages was the difference in value of the trees before and after the fire, and not the value of the realty with the trees and without the trees, but the value of the trees with reference to the land as the trees were before the fire and their value for practical purposes after the fire. Where trees have a value separate from the land, the measure of damages is the difference in their value before and after the fire. *Hart v. Chicago & N. W. R. Co.*, 83 Neb. 652. Trees cannot be replaced except by waiting for the processes of nature to grow and develop them. The boiler, like the trees in the above case, was part of the realty. But if the measure of damages is the difference in the trees' value with reference to the land before and after the fire in the one case, and, where they possess a value separate from the land, the difference between their value before and after injury by fire in the other case, why should not the measure of damages of this boiler, which was destroyed and was capable of being replaced at once, be, as this instruction says, "the reasonable cost of replacing said boiler with one of like kind and quality?" If it were possible to replace trees at once, the measure of damages would be the cost of doing so.

But appellant says the testimony with reference to replacing the boiler and reference to a new boiler, while the one destroyed was eight years' old. But boilers are

liable to last 50 years, the witnesses say, and, if this be true, the boiler was comparatively new. Besides, the evidence shows no second-hand boilers were available. And, what is more, it served the purpose as well as a new one.

"Where a bridge owned by a county was so injured by the wrongful act of defendant that a portion had to be rebuilt, the county is not to be denied recovery of damages in substantially the amount expended, because the rebuilt structure may be of greater value than the old and it is impossible to make a nice estimate of the difference in value." *Paxson Co. v. Board of Chosen Freeholders,* 201 Fed. 656.

The damages returned by the jury were much less than the difference between the value of the building and property before and after the destruction of the boiler. The undisputed testimony places this at about $2,000. The cost of replacing a new boiler exactly like the one destroyed was conclusively shown to be $1,250. The jury returned a verdict for $1,125. Probably as men they took into consideration the difference in value of the new and the old boiler.

We find no error in the record, and the judgment of the lower court is

AFFIRMED.