AUGUST WENDT, APPELLEE, v. YANT CONSTRUCTION COMPANY ET AL., APPELLANTS.

FILED JULY 20, 1933. No. 28574.

*Crofoot, Fraser, Connolly & Stryker* and *James T. English*, for appellants.

*D. O. Dwyer* and *W. L. Dwyer*, contra.

Heard before GOSS, C. J., GOOD, EBERLY and PAINE, JJ., and LANDIS and MEYER, District Judges.

LANDIS, District Judge.

Plaintiff below, appellee here, instituted this action to recover damages to his house sustained through negligence

in the blasting by dynamite of a tree on the highway, which defendant Yant Construction Company was improving under a road construction contract, having in its employ the defendant John Greer. Verdict was returned in favor of the plaintiff against the defendants, judgment entered thereon, and from an adverse ruling on the motion for new trial defendants appeal.

The first assignment of error is directed to the overruling of the special appearance of the defendant Yant Construction Company, which is as follows:

"Comes now the defendant Yant Construction Company, a corporation, and appears specially herein, for the purpose of objecting to 'the jurisdiction of the court, and for no other purpose."

No defect or reason why the court did not have jurisdiction is set out. If any issue of jurisdiction was tried thereunder the evidence is not before us in a bill of exceptions. One who questions jurisdiction by a special appearance should specifically point out the defect which it is claimed prevents the court from acquiring jurisdiction. As the record presents no jurisdictional defect upon which the trial court ruled, there is no such question for this court to review. *Freeman v. Burks,* 16 Neb. 328; *Brown v. Goodyear,* 29 Neb. 376; *Bankers Surety Co. v. Town of Holly,* 219 Fed. 96.

Assignments of error two to six, inclusive, are damages allowed excessive, verdict contrary to the evidence and law, not sustained by sufficient evidence, and errors of law occurring at the trial.

The record discloses that appellants were engaged in grading a highway adjacent to land owned by appellee, upon which was a modern dwelling-house of substantial construction. Appellant John Greer was the employee of the Yant Construction Company and in active charge of the construction work. There was a large tree on the highway about 135 feet from the appellee's dwelling-house, which appellants removed by dynamite. As a result of the concussion or vibration caused by the blasting,

appellee's dwelling-house was damaged. The logical analysis of this case comprehends a right to be protected against the particular hazard encountered by some rule of law which appellants' conduct violated thereby causing damages to the appellee. It must be conceded that appellee had a right to the enjoyment of his dwelling-house, which should be protected. The hazard encountered arose from the blasting of a tree 135 feet away which created a sudden vacuum resulting in concussion and vibration.

Appellants contend that appellee is not protected against the hazard because of the rule of law that, where a highway contractor blasts on the roadway under construction in order to adapt it to proper and lawful use, the mode adopted being the usual and practical one, and the work being prosecuted with due care, without negligence, injury resulting to adjacent premises is not actionable. 11 R. C. L. 674, sec. 28.

Appellee claims protection under the rule that one who uses high explosives in excavating so near property of another that the natural and probable result of an explosion will be injury to such property is liable for injuries caused, even by vibration and concussion of air, however high degree of care he may have exercised in their use. 25 C. J. 192.

Absolute liability without regard to fault seems to be generally imposed by the courts wherever there has been an actual invasion of property by rocks or debris from blasting. *Mulchanock v. Whitehall Cement Mfg. Co.*, 253 Pa. St. 262, L. R. A. 1917A, 1015; *Patrick v. Smith*, 75 Wash. 407, 48 L. R. A. n. s. 740.

Some courts distinguish between liability for a common-law trespass occasioned by blasting which projects rocks or debris upon the property of another, and liability for damages arising from concussion, and deny liability for the latter where the blasting itself was conducted at a lawful time and place with due care. *Bessemer Coal, Iron & Land Co. v. Doak*, 152 Ala. 166, 12 L. R. A. n. s. 389; *Gibson v. Womack*, 218 Ky. 626, 51 A. L. R. 773. This

distinction is based on the historical differences between the common-law actions of trespass and case. There is no practical difference between liability occasioned by blasting which projects rocks on another's property or by creating a sudden vacuum and resultant concussion. "The imposition of absolute liability" for one's acts without regard to fault "is not out of accord with any general principles of law," the underlying rule being that if damage is inflicted there ordinarily is liability, in the absence of excuse. *Exner v. Sherman Power Construction Co.*, 54 Fed. (2d) 510. The weight of authority sustains the position that there is no distinction in liability for damage to property from blasting which projects rocks or by concussion. 25 C. J. 192; *Colton v. Onderdonk*, 69 Cal. 155; *Fitzsimons & Connell Co. v. Braun & Fitts*, 199 Ill. 390, 59 L. R. A. 421; *Watson v. Mississippi R. P. Co.*, 174 Ia. 23, L. R. A. 1916D, 101; *Longtin v. Persell*, 30 Mont. 306, 65 L. R. A. 655; *Louden v. City of Cincinnati*, 90 Ohio St. 144, L. R. A. 1915E, 356; *Hickey v. McCabe & Bihler*, 30 R. I. 346, 27 L. R. A. n. s. 425.

We find that appellee had a right to be protected against the particular hazard of concussion and vibration, supported by the rule of law that one who uses dynamite in blasting, so as to cause likelihood of risk to property, is liable, if damage to the property results, whether from direct impact of rock thrown out by the explosion or from concussion. In the instant case the trial court took the position that appellants would not be liable unless they had performed their operations in blasting out the tree near the appellee's house negligently, and submitted the case to the jury upon that theory. There was evidence of negligence in the amount of dynamite used; no warning given of the explosion so that doors and windows of the dwelling could be opened, and availability of another method by using a small amount of dynamite to get rid of dirt and then cutting the roots. The jury had testimony to warrant their verdict on the question of negligence. Certainly the appellants cannot complain that

appellee was required to show more than the rule of law as to liability in this case.

The verdict of $750 rendered by the jury is not excessive considering the evidence offered by the appellee as to the serious damage to the dwelling and the cost to restore the same in as good condition as it was before.

We find that appellee had a right of protection against concussion from blasting, which appellants' conduct violated, causing the damages awarded by the jury. Hence, assignments of error two to six, inclusive, cannot be sustained.

The remaining assignments of error claimed are directed to instructions one, two and four.

Instruction four told the jury that if they found for the plaintiff they should fix his damages at such amount as would restore the house to the same condition as it was before the injury complained of. Appellants claim that instead of "same condition" the word "substantially" should have been used, so as to say "substantially same condition." The measure of damages for injuring a building from blasting is the cost of restoring it to its former condition. When the court instructed the jury that, if they found for the plaintiff, "then you will assess the amount of plaintiff's recovery at such sum as you find to be the reasonable cost of such repairs as will put the plaintiff's house in the same condition as it was immediately preceding the injury," they were correctly and fairly instructed on the measure of damages.

Appellants cannot complain of instructions one and two, as they were more favorable to them than the law requires. Assignments of error on the instructions are without merit.

The record fails to show prejudicial error, and the judgment below is

AFFIRMED.