LOIS C. RANKIN, APPELLEE, v. EDWARD C. BIGGER, APPELLANT.

FILED APRIL 23, 1935. No. 29233.

*William Niklaus* and *J. E. Mockett,* for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

LIGHTNER, District Judge.

Suit on a promissory note. Defense fraud. Finding for plaintiff, and defendant appeals.

The $500 note in suit is part of the consideration given in December, 1930, for a one-third interest in a patent right on a wrench. The agreed consideration for such interest was $5,000, part of which was paid in cash and the balance represented by notes, some of which have since been paid. Plaintiff is not an innocent holder and any defenses defendant may have are still available to him.

The defense pleaded is fraud in the sale of the patent right, in that the seller as an inducement to cause defendant to purchase falsely represented to him that a patent broker had offered the sum of $20,000 for the right to make, use and vend such patented wrench. He alleges he purchased by reason of such false representations, and that the one-third interest was not worth $5,000, and not worth in excess of $500, and that he has been damaged in the amount of $5,000.

The error complained of as grounds for reversal is that the court in instruction No. 7 placed the burden upon the defendant of proving the amount of his damages on account of the fraud. The defendant insists that proof of fraud and the damages resulted therefrom is a complete defense to the note regardless of the amount of the damages. The gist of his theory is contained in an instruction which he tendered, which after stating the essential elements necessary to constitute fraud concluded in the following language: "That, in reliance upon said representation, the said Edward C. Bigger executed the original promissory notes to his damage; then your verdict shall be for the defendant." The law does not sustain defendant's contentions. A person who has been defrauded has an election of remedies. In 27 C. J. 18, it is said: "One who has been injured by fraud may elect to accept the situation created by the fraud and seek to recover his damages or he may elect to repudiate the transaction and

seek to be placed *in statu quo*. For example, * * * one who by fraud has been induced to enter into a contract may affirm the contract and maintain an action to recover the damages which he has sustained, or may set up such damages by way of defense or recoupment or counterclaim, or he may rescind the contract and avail himself of the remedies based upon a rescission, or he may sue in equity in a proper case to cancel or rescind the contract, or to secure a reformation of the instrument. This right of election applies, for example, to one who has by fraud been induced to enter into a contract for the purchase or sale of real or personal property."

In this case there was no rescission. The contract was affirmed and the defendant set up his damages as a defense. It was therefore necessary for him to establish the amount of his damages. In such cases the measure of damages is generally the difference in value between the article or thing purchased if it had been as represented and its actual value. It was held in *Reed v. Occidental Bldg. & Loan Ass'n*, 122 Neb. 817: "To state a cause of action for fraud or conspiracy to defraud, it is necessary for the pleader to allege not only the conspiracy and the doing of the fraudulent acts, but also facts showing that damage resulted therefrom." In the body of the opinion is a discussion which refers to several other Nebraska cases. We quote from page 822 of the Nebraska Reports as follows: " 'There is no doubt of the right of a plaintiff to maintain an action against two or more parties for conspiracy to do and actually doing some unlawful act to his damage; but the courts, so far as we are aware, are unanimous in holding that confederation and conspiracy are not actionable, unless something in pursuance of the common plan is actually done, and the thing done results in injury to the plaintiff, and the facts constituting this injury, and the damage resulting therefrom, must be alleged.' *Commercial Union Assurance Co. v. Shoemaker*, 63 Neb. 173. 'And in the next place the party must have been misled to his prejudice or injury; for courts of equity

do not, any more than courts of law, sit for the purpose of enforcing moral obligations or correcting unconscientious acts, which are followed by no loss or damage. It has been very justly remarked, that to support an action at law for a misrepresentation there must be a fraud committed by the defendant, and a damage resulting from such fraud to the plaintiff.' *Jakway v. Proudfit*, 76 Neb. 62, quoting from 1 Story, Equity Jurisprudence (13th ed.) sec. 203. The plaintiff having failed to plead facts showing that she suffered a damage because of the alleged fraudulent acts of the defendants, the demurrer was properly sustained as to that theory."

In *Dalheimer v. Lucia*, 50 N. Dak. 78, it is held: "One who is defrauded by a false statement which is made to induce and does induce the execution of a contract, has the choice of remedies: (1) To affirm the contract and take its benefits, so far as obtainable, and recover any damages sustained by the false statement; or (2) to rescind the contract and recover any moneys paid or property delivered under it."

In *Warne v. Finseth*, 50 N. Dak. 347, it is held: "Where the defrauded party affirms the transaction and brings an action to recover damages for the deception practiced upon him in inducing him to purchase the property, the measure of his damages, in the absence of a claim for special or exemplary damages, is the difference in value between what was received and what would have been received had the representations been true."

To the same effect are *Sloman v. Allen*, 252 Mich. 578; *Speath v. Merchants Life Ins. Co.*, 245 Mich. 100; *Donovan v. Curts*, 245 Mich. 348; *Cole v. Oatman*, 234 Mich. 128; *Timmerman v. Gurnsey*, 206 Ia. 35; *Walnut State Bank v. Mueller*, 202 Ia. 961; *Boysen v. Petersen*, 203 Ia. 1073; *Mueller v. Michels*, 184 Wis. 324.

It is quite apparent from these citations that the court did not err in placing the burden upon the defendant to establish the amount of his damages in case the jury found that he was defrauded. He was in no different

position as to proof on this element of his case than if he had been plaintiff. In such case the amount of his recovery would be the amount of damages he proved, and likewise here the amount of his counterclaim or defense is the amount of damages he proves. There was, however, a direct conflict in the evidence respecting the fraudulent representations and it is quite apparent from the verdict that the jury found that there was no fraud. The seller not only denied that the alleged fraudulent representation was made, but the circumstances indicate either that it was not made or that defendant did not reply upon it. The contract for the sale of the one-third interest was in December, 1930, yet long after that time defendant continued to pay the consideration therefor. It is evident that, if the jury believed there had been fraud, they would have found for the defendant, since the only evidence in the record pertaining to the value of the patent right is that it was worthless.

Appellant cites cases to the effect that damages need not be proved; but these evidently are not cases where the contract was affirmed and the defendant in a suit on the contract or on an obligation arising out of the contract was setting up fraud as a defense. In cases where there has not been a rescission, the remedy is damages for the fraud; the burden in such cases is on the person alleging fraud to prove both the fraud and the amount of his damages, and the measure thereof is the difference between the article or thing if it had been as represented and its actual value. Naturally if the contract had been rescinded, and not affirmed, as it was in this case, proof of fraud justifying the rescission might be a complete defense without proof of the amount of damages.

A careful examination of the record does not reveal any prejudicial error, and the judgment of the district court is therefore

AFFIRMED.