L. J. DILL, APPELLANT, V. FARMERS CO-OPERATIVE COMPANY OF OCONTO, APPELLEE.

271 N. W. 692

FILED FEBRUARY 26, 1937. No. 29649.

*Edwin F. Myers,* for appellant.

*Evans & Lee, contra.*

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and RYAN and KROGER, District Judges.

CARTER, J.

This action was commenced by the appellant to recover damages for breach of warranty on a contract for the purchase of four car-loads of alfalfa hay. The trial court sustained a demurrer to appellant's petition and, appellant refusing to further plead, dismissed the action. From the overruling of his motion for a new trial, appellant brings the case to this court on appeal.

The appellant alleges generally in his petition that on October 4, 1930, he entered into a written contract with appellee as follows: "Confirming purchase four (4) cars. second and third cutting #1 green leafy alfalfa @ $15 per ton your track for quick shipment. Terms draft B-L attached. Weight and grade guaranteed. (Signed) Farmers Coop. Co. Accepted by E. T. Walter, Mgr. (Signed) L. J. Dill." Appellant alleges a breach of the warranty as to quality of the three cars of hay shipped and a breach of the contract for failure to deliver the fourth car. Appellant prayed for damages in the amount of $707.84 on the four causes of action pleaded. The only question is whether the trial court erred in sustaining the general demurrer to the petition.

The petition sets out the contract verbatim upon which the causes of action are predicated. It is alleged that the contract was breached and that appellant suffered damages in a specified amount as a result thereof. Appellee contends that the petition does not state a cause of action for the reason that the wrong measure of damages is pleaded. In stating that the wrong measure of damages is pleaded appellee is undoubtedly correct. The correct rule, under the provisions of the uniform sales act, as to the first three causes of action is: "In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." Comp. St. 1929, sec. 69-469. Appellant failed in his petition to allege the value

of the hay as warranted and its value as delivered, although he alleges, the specific amount that he claims to have been damaged thereby.

With reference to the necessity of pleading the correct measure of damages in order to state a cause of action, an authoritative text-writer says: "As a basis of recovery, damages must be alleged in a definite or, at least, a determinable, amount. A general allegation of damages is sufficient in the absence of a special demurrer. Indeed, it has been held that complaint which omits formally to aver the amount of damages sustained, is not demurrable on that account, if it contains a prayer for relief in a specified amount. An action for breach of contract lies, though no actual damages be sustained. And so it has been held that even though a complaint states a cause of action for only nominal damages for breach of contract, it is good on general demurrer. * * * Where the facts stated in a complaint show that the plaintiff is entitled to damages of some sort, it is not a fatal error that the pleader has mistaken the rule by which such damages should be determined. A complaint which does not set up the true measure of damages may be subject to a special demurrer; but if it discloses a violation of the plaintiff's legal rights in some respect by the defendant, it is good as against a general demurrer, and evidence is properly admissible thereunder as to the true measure of damages." 1 Bancroft, Code Pleading, sec. 164.

In *Crum v. Thomason,* 181 S. W. (Tex. Civ. App.) 803, the court said: "A petition, alleging plaintiff's ownership of certain premises, the erection by defendant of a cotton gin near-by, the facts constituting its operation a nuisance, and that plaintiff was damaged thereby in the sum of $495, stated a good cause of action without alleging the market value of the premises immediately before and immediately after the erection and operation of the gin, as the measure of damages is a matter to be regulated by the charge, and need not be pleaded."

In *Rickards v. Aultman & Taylor Machinery Co.,* 64

Mont. 394, 210 Pac. 82, the court said: "Where the complaint in an action on a contract does not set up the true measure of damages it may be subject to a special demurrer on that ground, but if it discloses a violation of plaintiff's rights it is good as against a general demurrer and evidence is properly admissible thereunder to show the true measure of damages."

In *Kraft v. Rice,* 45 App. Div. (N. Y.) 569, 61 N. Y. Supp. 368, the court said: "We agree with the court below in the formulation of the rule relating to the sufficiency of a pleading on contract, that if it clearly sets forth a contract and its breach, even though the theory of damages predicated thereon may be erroneous, it is a statement of a good cause of action. * * * If, in addition to the contract, a breach was alleged, then the plaintiff would be entitled to at least nominal damages, and the complaint would not be demurrable."

In *Colrick v. Swinburne,* 105 N. Y. 503, 12 N. E. 427, the court said: "It is not material that the plaintiff did not demand the precise damages to which he was entitled, or that he mistook the true rule of damages in his complaint. The complaint averred a legal wrong and a resulting pecuniary injury, and it was competent for the court, under the complaint, to adjust the recovery upon the true basis."

In *Kingsley v. Butterfield,* 35 Neb. 228 52 N. W. 1101, this court said: "The general rule as to pleading damages is as follows: 'Such damages as may be presumed necessarily to result from the breach of contract need not be stated with any great particularity in the declaration. * * * But in other cases it is necessary to state the damage arising from the breach of contract specially and circumstantially, in order to apprise the defendant of the facts intended to be proved.' 1 Chitty, Pl. 371. Damages which necessarily result from the injury complained of may be recovered without a special statement of the same."

In *Riverside Coal Co. v. Holmes,* 36 Neb. 858, 55 N. W. 255, this court also said: "At the common law general damages, such as the law presumes to arise, as being the

natural and necessary result of the wrong complained of, were not required to be pleaded. Damages for breach of contract to buy or sell goods were within this rule."

From the foregoing authorities we conclude that the first three causes of action were sufficient as against a general demurrer.

The fourth cause of action is predicated on the failure of appellee to deliver the fourth car-load of hay as contemplated by the contract. That portion of the uniform sales act, section 69-467, Comp. St. 1929, which deals with the measure of damages for failure to deliver goods sold is as follows: "2. The measure of damages is the loss directly and naturally resulting in the ordinary course of events, from the seller's breach of contract. 3. Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver."

It is apparent that appellant has not pleaded the correct measure of damages in his petition, but, as heretofore stated in this opinion, it is good as against a general demurrer and upon a trial of the case evidence is properly admissible as to the true measure of damages.

We therefore hold that the trial court erred in sustaining a general demurrer to each and all of the causes of action pleaded in appellant's petition. The judgment of the district court is therefore reversed and the cause is remanded.

REVERSED.