Fred W. Rothery et al., appellants, v. Paul A. Pounds et al., appellees.

33 N. W. 2d 347

Filed July 7, 1948. No. 32423.

*Hotz & Hotz, William J. Hotz, William J. Hotz, Jr.,* and *William F. Dalton,* for appellants.

*Kennedy, Holland, DeLacy & Svoboda* and *L. J. Tierney,* for appellees.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Messmore, J.

This is an action at law to recover damages for alleged false and fraudulent representations made by the defendants to induce the plaintiffs to purchase a rooming house.

The plaintiffs' petition sets forth a factual situation which relates itself to false and fraudulent representations made by the defendants as to the gross income of a rooming house. The plaintiffs contend they relied upon the defendants' representations as to such income and purchased the rooming house. The defendants' an-

swer was a general denial and further pleaded that the plaintiffs were fully informed with reference to all matters pertaining to the monthly gross income of the rooming house as exemplified by the Office of Price Administration, a governmental agency commonly referred to as the O. P. A.

The reply to the defendants' answer was a general denial to the new matter set up therein, and reiterated the facts set forth in plaintiffs' petition.

The factual situation, insofar as it relates itself to the allegations of the plaintiffs' petition, was to the effect that the plaintiffs contacted a realty company that represented the defendants, being induced by an ad in a local newspaper which depicted the gross income of the premises as being in the amount of $327.50 per month, when in fact the same was $265.50 per month; purchased the premises, went into possession thereof and remained therein nearly three years, and then brought this action, premising their whole cause of action upon false representations and fraud; and setting forth the measure of damages as constituting the gross income of the premises herein involved to be $327.50 as represented, when in fact and in truth such amount was $265.50, which the defendants well knew and which was falsely and fraudulently represented to the plaintiffs.

Further detail of the facts is unnecessary to a determination of this appeal.

During the progress of the trial and before the evidence was completed on the part of the plaintiffs, the record discloses the following in substance: The defendants moved the court to excuse the jury, which was done, and thereafter moved the court to dismiss the action for the reason that there was no element of damage before the court which the court could submit to the jury as a part of the issues in the case as the damages which they had sustained; further, there was no showing that the plaintiffs had been damaged, and nothing upon which the jury could measure any damage, and specifically on

the grounds that the measure of damages was the difference in the value of the premises as represented as compared with the value of the premises as they actually were and considering the rent they were receiving. Plaintiffs' attorneys then informed the court that they were in the middle of a lawsuit, and further offered to prove by several witnesses the allegations of the plaintiffs' petition, that is, the representations and fraud alleged to have been practiced by the defendants and the gross monthly income of the property as compared to the gross monthly income of the property actually proved to be.

The trial court sustained the defendants' motion as heretofore related, and discharged the jury. The plaintiffs filed motion for new trial which was overruled, and from which judgment they appeal.

For convenience, the appellants will be referred to as the plaintiffs and the appellees as the defendants.

This court, in Dill v. Farmers Co-operative Co., 132 Neb. 256, 271 N. W. 692, held: "Where the facts stated in a petition show that plaintiff is entitled to damages of some sort, it is not a fatal error that the pleader has mistaken the rule by which such damages should be measured." See; also, Kraft v. Rice, 45 App. Div. (N. Y.) 569, 61 N. Y. Supp. 368; Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427; 1 Bancroft, Code Pleading, § 164, p. 281.

This jurisdiction adheres to what is known as the "benefit-of-the-bargain" rule, that is, that the measure of general damages for fraud in inducing the purchase of property is the difference between the actual value of the property at the time of the purchase and the value it would have had if the seller's representation had been true. See, Young v. Filley, 19 Neb. 543, 26 N. W. 256; Smith v. Leu, 110 Neb. 297, 193 N. W. 703; Rankin v. Bigger, 128 Neb. 800, 260 N. W. 202; Welch v. Reeves, 142 Neb. 171, 5 N. W. 2d 275; Falkner v. Sacks Bros., 149 Neb. 121, 30 N. W. 2d 572.

It is apparent from the plaintiffs' petition in this ac-

tion that a cause of action has been stated, although it may be that the measure of damages as contained therein is not the proper measure of damages. It is also apparent that the trial court, as shown by the record, did not give the plaintiffs an opportunity to amend their pleadings or proceed further with the case. We are unable at this juncture of the case to determine what the plaintiffs might have done with reference to amending their pleadings, or what further evidence they might have introduced with reference to the proper measure of damages prior to resting their case.

"As a general rule, a motion for a nonsuit or dismissal will be granted where the pleadings fail to state a cause of action if the defects are such that they cannot be amended by subsequent proceedings. Dismissals or nonsuits, however, should not be ordered without giving the party offering the defective pleadings an opportunity to amend." 17 Am. Jur., Dismissal and Discontinuance, § 52, p. 86, and decisions under note 2. See, also, 18 C. J., Dismissal and Nonsuit, § 104, pp. 1187, 1188, and cases cited under notes 64 and 66; 27 C. J. S., Dismissal and Nonsuit, § 64, pp. 226, 227, and cases cited under notes 48 and 49.

For the reasons herein given, we conclude that the judgment of the trial court should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.