EDDIE NUMON ET AL., APPELLEES, V. PLUMB R. STEVENS ET AL., APPELLEES, IMPLEADED WITH GRIFFITH H. DAVIES, JR., ET AL., APPELLANTS.

76 N: W. 2d 232

Filed March 30, 1956. No. 33908.

*Curtis O. Lyda* and *Willard F. McGriff*, for appellants.

*Atkins & Ferguson* and *Holtorf & Hansen*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Eddie Numon and Wreatha L. Numon, husband and wife, brought this action in the district court for Scotts Bluff County. The primary purpose of the action is to recover damages from defendants Griffith H. Davies, Jr., and Griffith H. Davies, Sr., members of a copartnership doing business as Davies and Son, arising out of injury done to a house owned by plaintiffs while it was being moved for them by these defendants. The basis for the recovery is that the moving "was not done in a good and workmanlike manner and by reason of the negligence and unskilled manner in which said house was moved, it was damaged by said Davies." Issues were joined and trial had to the court. The court found that the house was in good condition but during the process of moving "said house suffered extensive damage generally and that said damage was caused by the defendants Griffith H. Davies, Jr. and Griffith H. Davies, Sr., d/b/a Davies and Son, in failing to move said house in a workmanlike manner and exercising reasonable and necessary precautions for the prevention of the damage caused and that the fair and reasonable value of the cost of repairs in placing this house in the same condition as it was prior to its being moved was $1705.99."

There were other defendants to the action. The trial court granted relief to them but no appeal was taken therefrom; therefore no reference will be made thereto in this opinion.

The court decreed there was owing to the defendants Davies the sum of $822.36 on a mechanic's lien they had filed for services rendered under and pursuant to the contract hereinafter referred to. It then set off that amount against the sum of $1,705.99 it had found was owing the plaintiffs because of the damages their property had suffered and rendered a judgment for plaintiffs for the difference or the sum of $883.63 together with interest thereon. It is from the rendition

of this judgment that the defendants Davies perfected their appeal.

Appellees had bought a house located at Seventeenth and Second Avenue in Scottsbluff, Nebraska. They had also purchased Lot 15, Andrews addition to the city of Scottsbluff, referred to as 2809 Avenue H. Shortly after purchasing the foregoing house and lot in the early part of May 1953, they entered into an oral contract with appellants, general contractors engaged in moving buildings, to jack up and move this house from where it was located to the lot they had purchased and there move it onto a foundation which would be constructed for that purpose. This action arises out of what happened to the house while it was being moved.

"Generally an agreement to exercise proper skill is implied in a contract to perform work." 17 C. J. S., Contracts, § 329, p. 781.

"One who undertakes for a consideration to do work requiring special skill, impliedly represents that he possesses, and will exercise, such reasonable degree of skill as the nature of the service may require; and if he is to furnish his own tools, implements or machinery, there is an implied representation as to their fitness for the use to which they are to be put." Van Nortwick v. Holbine, 62 Neb. 147, 86 N. W. 1057.

Without setting forth in detail the evidence, which is quite voluminous, we find it establishes that appellees' house suffered extensive damage while being moved and that such damage was caused by appellants failing to perform the work in connection with moving the house in a workmanlike manner and in failing to exercise reasonable and necessary care for the prevention of damage thereto. In fact, the evidence establishes the work was performed in a careless manner.

" 'The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfilment of the contract would have prevented or the breach of it has en-

tailed.' 17 C. J. 847 - citing Schrandt v. Young, 2 Neb. (Unof.) 546, 89 N. W. 607." Elvidge v. Brant, 131 Neb. 1, 267 N. W. 169. See, also, Koyen v. Citizens Nat. Bank, 107 Neb. 274, 185 N. W. 413; Wendt v. Yant Construction Co., 125 Neb. 277, 249 N. W. 599; Williams v. Beckmark, 150 Neb. 100, 33 N. W. 2d 352; Gallagher v. Vogel, 157 Neb. 670, 61 N. W. 2d 245.

As stated in Wendt v. Yant Construction Co., *supra:* "The measure of damages for injuring a building * * * is the cost of restoring it to its former condition."

The house had a dining room, living room, bathroom, three bedrooms, and a kitchen. It was an old house but before being moved was in good condition, both inside and out, and liveable. After it was moved and set on the foundation at 2809 Avenue H the opposite was true. Apparently the whole building was twisted and wrenched during the process of moving. This resulted in the plaster being cracked and loosened from the walls and ceiling, causing much of it to fall on the floors; the doors and frames were twisted and sprung so the doors would not open and close; the windows were twisted and some of the glass therein cracked; a floor joist was broken; the floors, which were mostly oak, were buckled and the finish bady scratched and marred; and the electric wiring was damaged.

In order to restore it to its former condition and make it liveable the appellees had to employ labor and purchase materials, the fair and reasonable value of which the evidence establishes was in excess of $1,705.99. Naturally the materials used, which were new, replaced materials that were old. Appellants suggest depreciation should be taken on the cost of the new material used to restore the building as it is more valuable than that replaced. In other words, appellants contend, "depreciation must be made from the cost of restoring the house with new material more valuable than that which was repaired and replaced," stating, "it stands to reason it (the house) was a more valuable property (after the

repairs were made) than at the time it was purchased." This court has held to the contrary.

In Koyen v. Citizens Nat. Bank, *supra*, we quoted, with approval, the following from Paxson Co. v. Board of Chosen Freeholders, 201 F. 656: "Where a bridge owned by a county was so injured by the wrongful act of defendant that a portion had to be rebuilt, the county is not to be denied recovery of damages in substantially the amount expended, because the rebuilt structure may be of greater value than the old and it is impossible to make a nice estimate of the difference in value."

We said of the old boiler involved in Koyen v. Citizens Nat. Bank, *supra:* "And, what is more, it served the purpose as well as a new one." We think that is true of the old material here replaced by new through the fault of appellants. The house was liveable and, except for damage caused thereto by appellants, would not have needed the repairs made.

In view of the foregoing we affirm the action of the trial court.

AFFIRMED.