MILDRED M. BEVERIDGE, APPELLANT AND CROSS-APPELLEE, v. MILLER-BINDER, INC., APPELLEE AND CROSS-APPELLANT.
131 N. W. 2d 155

Filed October 30, 1964. No. 35733.

Frost, Meyers & Farnham and Frederick J. Stoker, for appellant.

John W. Delehant, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, and BROWER, JJ., and DIERKS, District Judge.

CARTER, J.

This is an action for fraud, deceit, and misrepresentation. Plaintiff alleged that she purchased a lot from the defendant for the purpose of building a house thereon and that the defendant misrepresented the quality and depth of the filled ground upon it. The jury returned a verdict for the plaintiff. The defendant moved for judgment notwithstanding the verdict and in the alternative for a new trial. The trial court sustained defendant's motion for a new trial, and plaintiff appealed. Defendant cross-appealed, alleging that the trial court erred in not sustaining its motion for judgment notwithstanding the verdict.

The evidence shows that plaintiff purchased two lots from the defendant at different times previous to the purchase of the lot involved in the present litigation. She called Verne W. McKinley, a sales representative of the defendant, about the purchase of the lot here involved. In response to her call, McKinley called at plaintiff's home and sold the lot to her for $3,350, the owner's asking price. About 1 year later plaintiff employed a contractor to dig the basement and construct the footings for the foundation. In proceeding with the work the contractor discovered that certain areas of the lot were filled, uncompacted dirt, of a maximum depth of 12 feet or more. The filled dirt was so loose that the ditches for the foundation footings caved in and increased the anticipated cost to such an extent that plaintiff discontinued work on the project.

The evidence shows that foundation footings require a depth of 8 inches in naturally compacted ground when it is below the frost line. When such footings are open and not below the frost line, a depth of 40 to 48 inches is required. It is necessary in constructing foundation

footings for a residence property that such footings rest on the natural ground unless the compaction of the filled dirt is sufficient to bear the weight of the construction. In the instant case it was necessary to place the foundation on the solid ground below the filled dirt. This necessitated the construction of the footings as much as 12 feet below the surface of the filled area, which condition, when discovered, caused the plaintiff to terminate the work.

It is the contention of the plaintiff that McKinley falsely represented the depth of the filled area on the lot, to her damage, which is the basis of her action for damages. Plaintiff testified as follows: "And it was a year after I bought the lot that this happened and I started digging, so I can't remember the exact words that he used, except that I know he assured me that it wasn't a bad fill-in." On redirect examination she testified that McKinley said: "It was either four or six" feet that she might have to go down. This is all the evidence in the record as to the representations made by the defendant or its agent as to the depth of the filled dirt on the lot. McKinley testified that he did not know about the depth of the fill and that he did not make any statement about the depth of the fill.

We think the jury could find defendant's agent represented that the fill dirt was 4 to 6 feet in depth when in fact it was in excess of 12 feet. Such a representation, if found to have been made, is a representation of a fact within controlling rules on the subject.

In Cook Livestock Co., Inc. v. Reisig, 161 Neb. 640, 74 N. W. 2d 370, this court said: "False representations, in order to found an action in the nature of deceit, must not consist merely of promises to be performed in the future, and generally not merely of expressions of opinion by a vendor as to the quality of his goods. They must be representations of known existing facts." See, also, Esterly Harvesting Machine Co. v. Berg, 52 Neb. 147, 71 N. W. 952; Beltner v. Carlson, 153 Neb. 797, 46 N. W.

2d 153. The evidence that McKinley represented that "it wasn't a bad fill-in" is obviously a mere expression of opinion and not a representation of existing fact. But the representation that the fill was 4 to 6 feet in depth is a representation of an existing fact and, if established, is actionable.

With regard to the measure of damages, the trial court instructed the jury as follows: "In determining the amount of the plaintiff's damages you shall consider the following. 1. The difference between the actual value of the property at the time of purchase and the value the property would have had if it was as represented; and, 2. The cost of excavating and refilling the excavation." This is the correct measure of damages. Welch v. Reeves, 142 Neb. 171, 5 N. W. 2d 275.

It is the contention of defendant that the judgment for $2,800 is not sustained by the evidence. There is evidence in the record that the lot in question had a present value of $1,000. There is no evidence in the record as to the value of the lot if it had been as represented. The contract of sale to the plaintiff was offered in evidence, showing the purchase price of the lot to be $3,350. Such evidence is not material and is not competent evidence of the value of the lot if it had been as represented.

In Rankin v. Bigger, 128 Neb. 800, 260 N. W. 202, this court said: "In cases where there has not been a rescission, the remedy is damages for the fraud; the burden in such cases is on the person alleging fraud to prove both the fraud and the amount of his damages, and the measure thereof is the difference between the article or thing if it had been as represented and its actual value." See, also, Welch v. Reeves, *supra.*

The plaintiff appears to rely on the rule that when a certain theory as to the measure of damages is relied on by the parties in the trial as the proper one, it will be adhered to on appeal whether it is correct or not. But in the instant case the defendant moved for a di-

rected verdict. We have held this to be a proper way to test the correctness of the measure of damages. In its motion for a directed verdict the defendant gave as one of its reasons the following: "* * * and also for the additional reason that the plaintiff failed to introduce any competent evidence of the value of the premises in question, if they had been as allegedly represented by the defendant; and since the plaintiff has failed to introduce any such evidence, there has been a complete lack of competent evidence on the issue of damages."

In Haarberg v. Schneider, 174 Neb. 334, 117 N. W. 2d 796, this court said: "In the instant case, the petition was not attacked by motion or demurrer for failure to allege the proper measure of damages. The defendant asserts, however, that he made a motion for a directed verdict which had the effect of raising the question. The motion was: 'The defendant at this time moves the Court for a directed verdict on the ground that the plaintiff has not shown sufficient evidence to sustain his petition.' It will be observed that the form of the motion for a directed verdict is consistent with the measure of damages alleged in the petition. We think the case was tried on the theory that the measure of damages set out in the petition was the correct one and that the decision of the case is controlled by our holding in Welch v. Reeves, supra. The case having been tried by both parties on the measure of damages stated in plaintiff's petition, we shall adhere to that theory on this appeal, although it is not a correct one."

Where the measure of damages has been challenged by objections to the pleading or evidence, or by motion for a directed verdict, or by a tender of an instruction, the rules announced in Welch v. Reeves, supra, and Haarberg v. Schneider, supra, have no application. Such an objection is timely made and requires the submission of the correct measure of damages to the jury if there is competent evidence to support it.

In the instant case the plaintiff pleaded the following

measure of damages: "That the sale of said lot to the plaintiff by the defendant was procured by fraud and misrepresentation and the plaintiff in the purchase of said lot for the purpose of building a house thereon has been damaged in the amount of $2789.00; the same being for $339.00 for excavations for footings not usable under the prevailing conditions; $100.00 to refill said excavations to maintain a temporary safe condition of the land; and $2,350.00 as the difference between the purchase price of $3,350.00 and the actual value of said lot of $1,000.00." The measure of damages pleaded was incorrect and was properly objected to in the motion for a directed verdict. The only evidence in the record supports the erroneous theory of damages pleaded by the plaintiff. There is no evidence of the value of the lot if it had been as represented. Even though the trial court correctly instructed the jury on the measure of damages, there is no evidence to support the verdict rendered under the instructions of the court, to which objection was made in the motion for a directed verdict and in the motion for a new trial. Under such circumstances the trial court properly granted a new trial.

Defendant contends on cross-appeal that its motion for judgment notwithstanding the verdict was erroneously overruled. In this respect we point out that there was evidence offered on the two items totalling $439. The jury could properly find for the plaintiff for this amount if it found that misrepresentation had been established. A judgment for plaintiff could properly be found, but not in the amount of $2,800. The judgment was excessive as a matter of law. The motion for judgment notwithstanding the verdict was properly overruled.

For the reasons stated, the order of the trial court in granting a new trial is correct and its judgment is affirmed.

AFFIRMED.