WILLARD HUNT, APPELLEE, V. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, A CORPORATION, APPELLANT.

143 N. W. 2d 263

Filed June 3, 1966. No. 36162.

Curtis & Curtis, for appellant.

Daniel E. Owens, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

KUNS, District Judge.

Plaintiff brought this action against defendant to recover damages alleged to have been caused by the negligent maintenance of a drain under defendant's railroad track in Enders, Nebraska. Defendant denied liability. Upon evidence introduced by the plaintiff only, the case was submitted to the jury, which returned a verdict for plaintiff in the amount of $2,500. Defendant's motion for new trial was overruled, and it has appealed, assigning error in the instructions relating to the measure of damages.

Briefly, plaintiff's evidence indicated that he was the owner of land abutting the railroad, purchased in 1956; the drain then existing was small and clogged frequently; he had made numerous requests to defendant to correct this condition, without success; and whenever a substantial rain occurred, the drain clogged and backed water upon his property. In a single cause of action, he complained of two particular occasions—in May 1962, and July 1963,—when damage was caused. In May 1962, flooding ruined a cesspool, and he disconnected it from his basement house and closed the opening through which water had come. Two power mowers and an electric motor were rendered valueless, the value thereof being stated at $235. In July 1963, his well was contaminated and numerous tools were rusted after the waters subsided. Plaintiff stated that the tools had been worth $1,000 before and $500 after the flooding. Plaintiff testified that, in his opinion, his property had been worth $2,500 before it was flooded and $500 afterwards.

Defendant interposed objections to the testimony regarding the depreciation in value of the real estate on

the ground that it did not reflect the proper measure of damages. The trial court overruled the objections and instructed the jury in instruction No. 9, that the measure of damages to the real estate was the difference between the market value immediately before the flooding on the several occasions and immediately thereafter. This instruction would be appropriate if the injury to plaintiff were permanent and not susceptible of correction. Plaintiff, however, had grounded his action upon the failure and neglect of defendant to clean the drain or to enlarge it so that it would clean itself as water passed through it. This constituted a temporary condition, even though it might have continued for a relatively long period. Whenever defendant provided adequate drainage, further injury to plaintiff's property would cease. Plaintiff was entitled to show the expense and the value of his labor in restoration of his property and also not exceeding the diminution in value of the real estate, loss of use, and other elements of temporary damage.

The general rule as to the measure of damages for injuries to real property is stated in 25 C. J. S., Damages, § 84, p. 920: "The measure of damages for a permanent injury to real property is usually the (difference between the) fair value of the property immediately before and immediately after the injury. The recovery for a temporary injury to real property is measured by the loss sustained by the owner, and may include the cost of restoration if less than the difference in value, and the diminution in the value of the use and enjoyment or rental value of the property during the time the injury exists." See, also, Koyen v. Citizens National Bank, 107 Neb. 274, 185 N. W. 413; Cattin v. City of Omaha, 149 Neb. 434, 31 N. W. 2d 300. The portion of instruction No. 9 relating to the measure of damages to the real property erroneously failed to state the rule as to temporary injury.

Defendant further complains of the statement in said

instruction that the measure of damage to personal property destroyed was its fair value immediately before destruction. As an abstract statement, this portion of the instruction is correct. It does not, however, take into consideration the evidence that some personal property was destroyed and that other personal property was depreciated. The general rule as to the measure of damage to property injured but not destroyed is stated in 25 C. J. S., Damages, § 83b, p. 907: "The measure of damages for an injury to personal property which has not been entirely destroyed is the difference between its value at the place immediately before and immediately after the injury, or, if such sum be less, the reasonable cost of repairs to restore the property to its previous condition." Numerous decisions by this court support this rule. The omission to state the rule as to the measure of damage to personal property injured but not destroyed was erroneous. The trial court should have instructed the jury correctly upon all of the items or elements of damage necessary to be considered in arriving at its verdict. See Linch v. Hartford Fire Ins. Co., 138 Neb. 110, 292 N. W. 27, 129 A. L. R. 1063.

The jury was correctly instructed upon the issues of negligence and causation, and its verdict against the defendant is amply supported by the evidence. To this extent, the judgment is affirmed. The judgment is reversed and the cause remanded, however, for a new trial upon the question of damages only.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.