ALLEN J. HENGGELER ET AL., APPELLANTS, V. ADOLPH A. JINDRA ET AL., APPELLEES.
214 N. W. 2d 925

Filed February 14, 1974. No. 39163.

Otradovsky & Bieber and Robert D. Westadt, for appellants.

Baker & Tessendorf and Douglas R. Milbourn, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

BOSLAUGH, J.

This case arose out of a controversy concerning a construction contract. The defendants entered into a contract to purchase a house to be erected by the plaintiff, Allen J. Henggeler. A part of the contract price was financed by a loan from the plaintiffs secured by a mortgage on the property. After the controversy developed, this action was commenced to foreclose the mortgage.

The defendants' amended cross-petition alleged the basement of the house was not constructed in a good and workmanlike manner; that during construction a part of the basement wall "caved in"; Henggeler attempted to repair the wall and later promised to "make it good"; satisfactory repairs were not made and the basement was wet and damp; and the reasonable cost of repairs was in excess of $3,000.

The trial court found the plaintiffs were entitled to recover $2,280 on the loan less a credit of $2,000 because the house was not constructed in a good and workmanlike manner. The plaintiffs appeal.

There is no dispute concerning the amount due the plaintiffs on the loan. The only matter in dispute relates to the damages claimed by the defendants because of faulty construction of the house.

As a general rule a contractor constructing a building impliedly warrants that the building will be erected in a workmanlike manner and in accordance with good us-

age and accepted practices in the community in which the work is done. 13 Am. Jur. 2d, Building and Construction Contracts, § 27, p. 29. See, also, Robertson Lumber Co. v. Stephen Farmers Cooperative Elevator Co., 274 Minn. 17, 143 N. W. 2d 622; Markman v. Hoefer, 252 Iowa 118, 106 N. W. 2d 59. In the Markman case the Iowa court said: "In building and construction contracts, in the absence of an express agreement to the contrary, it is implied that the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose."

While the house was under construction, mud and water ran into the basement and it was necessary to brace the walls to prevent them from collapsing. After the defendants moved into the house, water continued to run into the basement when it rained. The moisture problem was severe and damaged the furniture and other equipment in the basement.

Although there was some conflict in the evidence, it was clearly sufficient to support the finding of the trial court on the cross-petition. The basement of the house was unsatisfactory in its existing condition and a substantial amount of work was necessary to correct the condition.

Where a construction contract is substantially performed, the damage which the owner suffers because of defective workmanship or unsuitable materials used is measured by the reasonable cost of remedying the defects. Jones v. Elliott, 172 Neb. 96, 108 N. W. 2d 742. A cement contractor with 21 years of experience testified that the cost of repair and reconstruction to correct the basement water problem would be approximately $2,000. This evidence sustained the finding as to the amount of damages.

The judgment of the District Court is affirmed.

AFFIRMED.