WATKINS PRODUCTS, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. WILFORD HENRY BUSCH, APPELLEE AND CROSS-APPELLANT, DON WALLRIDGE ET AL., APPELLEES AND CROSS-APPELLEES.

167 N. W. 2d 574

Filed May 2, 1969. No. 37022.

Carl E. Willard, for appellant.

Robert E. Paulick, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

MORAN, District Judge.

This is an action by Watkins Products, Inc., to recover from the principal and his sureties for merchandise sold and delivered to the principal, Wilford Henry Busch. All defendants denied generally, and Busch cross-petitioned for damages for failure of Watkins to accept return of merchandise on hand and for preventing him from disposing of it. At the close of the testimony Watkins' motion for a directed verdict was overruled. The jury returned a verdict for Watkins and against Busch in the amount of $4,189.58, but exonerated the sureties, Don Wallridge, Jerry Lallman, and Lavern Scarborough. Busch's motion for a new trial and Watkins' motion for judgment notwithstanding the verdict were overruled. Watkins appealed and Busch cross-appealed.

On December 31, 1962, Watkins and Busch entered into a written agreement whereby Watkins agreed to sell its products to Busch. The same date Wallridge, Lallman, and Scarborough executed a written undertaking to Watkins in which they insured, guaranteed, and promised payment not exceeding $5,000 of all indebtedness due Watkins then owing or thereafter incurred by Busch up to March 1, 1966. So far as is pertinent here, in the undertaking the sureties waived notice of the making of any sales contracts or agreements between Busch and Watkins or of the terms or conditions thereof. Busch

purchased products from Watkins from time to time. On June 1, 1965, Busch and Watkins executed a new contract which was similar to the 1962 contract, but changed the cost of products sold and the manner in which Busch could be reimbursed for products returned. Both contracts provided that the products could be returned for credit within 30 days of termination, and provided for termination by either party by written notice to the other. Watkins' testimony was that Busch owed $4,333.94 on June 1, 1965. Busch denied this, but did acknowledge signing and returning to Watkins an invoice stating that amount was due Watkins from him. On March 10, 1966, Busch acknowledged in a letter to Watkins that he owed $4,189.58. After the termination of the agreement Busch and Scarborough exchanged some correspondence with Watkins dealing with a return of products for credit, but none was ever returned.

The basis for Watkins' appeal is that the trial court should have sustained its motion for judgment notwithstanding the verdict. Busch's cross-appeal contends that errors in the admission of evidence prevented him from having a fair trial.

Busch attacks the sufficiency of foundation for the admission of documents, and admissions of defendants with respect to them. Foundation was laid by the reading into evidence of Watkins' request for admissions and defendants' answers concerning the execution, mailing, and receipt of designated documents. In the requests and admissions the documents were identified alphabetically. When the documents were offered at the trial they were identified numerically. Busch contends that the alphabetical identification of the documents in the requests and admissions was not correlated with their numerical identification when they were offered and received. He cites no specific authority, and we doubt that there is any. It is sufficient to say that sufficiency of foundation for admissibility is for the trial judge, and he obviously was not confused by the difference in the

means of identification. The documents were otherwise sufficiently identified during testimony so that the jury could not have been confused.

Watkins complains that the trial court should have sustained its motion for judgment notwithstanding the verdict. Busch admitted owing $4,189.58 to Watkins, and the only other issues were whether the sureties were liable, and whether Busch was entitled to recover on his cross-petition. Any recovery by Busch on his cross-petition would diminish the liability of the sureties, if they were otherwise liable. The jury found against Busch on his cross-petition, and the only remaining issue was the liability of the sureties. The trial court instructed the jury that the sureties were not liable for any purchase by Busch after June 1, 1965. There was no proof of all the transactions between Watkins and Busch after June 1, 1965. The jury apparently determined that Watkins had failed to prove that the purchases by Busch sued upon by Watkins took place before June 1, 1965, and it exonerated the sureties. We think the trial judge was in error. If there was a material difference between the first and second contract which would ordinarily release the sureties from further liability, the answer is that the sureties consented to the new contract. In their undertaking the sureties specifically waived "any notice * * * of the making of any sales contracts or agreements between the Purchaser (Busch) and the Seller (Watkins), or of the terms or conditions thereof." Where a contract is plain and unambiguous in its meaning it will be enforced according to its terms. Francis R. Orshek Co. v. State, 174 Neb. 668, 119 N. W. 2d 48.

The only submissible issue having been decided adversely to Busch, the trial court should have sustained Watkins' motion for judgment against all defendants notwithstanding the verdict.

The judgment against Busch is affirmed. The judgment exonerating defendants Lallman, Wallridge, and

Scarborough is reversed and the cause remanded with directions to enter judgment against all defendants in the amount of the verdict.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.