NEWSON CONSTRUCTION COMPANY, A CORPORATION, APPELLANT, V. CALVARY ASSEMBLY OF GOD CHURCH, A CORPORATION, APPELLEE, MATTHEWS CO., INC., DOING BUSINESS AS MATTHEWS SCAFFOLD & EQUIPMENT CO., ET AL., INTERVENERS-APPELLEES.

227 N. W. 2d 886

Filed April 17, 1975. No. 39742.

Ledwith & Shokes, for appellant.

Joseph C. Byrne, for appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., COLWELL, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for the foreclosure of two mechanics' liens claimed in connection with the construction of a church building by the plaintiff for the defendant. The trial court found for the defendant as to the first lien, for the plaintiff as to the second, and for the defendant upon a cross-petition awarding damages against the plaintiff for unskillful performance. The plaintiff appealed. We affirm the decree of the trial court.

The record shows that the appellee, desiring to have a church building constructed, entered into a written contract with the appellant for that purpose. The appellee presented a printed form of construction contract, which provided, inter alia, that the contract should be performed "according to the plans and specifications and in a good and workmanlike manner." The appellant commenced construction and received partial payments as the work progressed. When the structure was partly finished, a severe windstorm caused two walls to collapse and damaged three others. The loss being covered

by insurance, appellee entered into a second contract with the appellant for the necessary rebuilding and reconstruction using a printed form like the first one. The insurance carrier, after the ascertainment of the amount of loss, issued its check payable jointly to the parties; this check was endorsed by the appellee to the appellant, but payment thereon was stopped by the maker for reasons of its own. Disagreements then arose between the parties concerning the sufficiency of performance of both contracts by the appellant. During the trial, the parties presented a large amount of testimony, both oral and photographic, about the work done by the appellant. In view of the fact that the trial court made an extensive examination of the building, it is unnecessary to state such testimony or the conflicts therein at length. It should be noted that none of the witnesses testified there was any misunderstanding of the meaning of the performance requirements or that the parties had adopted conflicting interpretations of the contracts.

The trial court found from the weight of the testimony and its own inspection of the building that the work by the appellant was not performed in a good and workmanlike manner under either contract, but that the appellee had accepted performance of the second contract by the endorsement of the loss check. The appellee was awarded a part but not all the damages claimed in its cross-petition.

Only the assignment of error relating to the construction of the clause requiring performance "in a good and workmanlike manner," requires discussion. The appellant argues that this clause is ambiguous and that under the circumstances of this case should be construed only to require performance in accordance with the appellant's skill.

This clause provides almost exactly the same obligation as to workmanship which this court has held to be implied in construction contracts generally, in the ab-

sence of express statements to the contrary. In Henggeler v. Jindra, 191 Neb. 317, 214 N. W. 2d 925, it was held that the implied duty rests upon a builder to erect a building in a reasonably good and workmanlike manner, and in accordance with good usage and accepted practice in the community. The standard by which performance will be judged is the usage and practice in the community and not merely of an individual contractor. The appellant cannot create an ambiguity merely by claiming that one exists. 17A C. J. S., Contracts, § 294(2), p. 36. Where a contract is plain and unambiguous, it will be enforced according to its terms. Watkins Products, Inc. v. Busch, 184 Neb. 359, 167 N. W. 2d 574.

As previously mentioned, the trial court inspected the building and the physical matters involved between sessions of the trial and before the cause was argued. In the appeal of an equity case, we may and should give proper consideration to the fact that the trial court did make such an inspection and that its examination constituted evidence bearing upon the weight to be given to the testimony of the various witnesses in arriving at the findings and the decree thereon. Wemmer v. Young, 167 Neb. 495, 93 N. W. 2d 837; Keim v. Downing, 157 Neb. 481, 59 N. W. 2d 602. The record furnishes ample competent evidence to support the findings and the judgment is affirmed.

AFFIRMED.