THEODORE DAVENPORT ET AL., APPELLEES, V. INTERMOUNTAIN RAILWAY, LIGHT & POWER COMPANY, APPELLANT.
DAVID V. MORGAN ET AL., APPELLEES, V. INTERMOUNTAIN RAILWAY, LIGHT & POWER COMPANY, APPELLANT.
MARTHA C. HILBERT, APPELLEE, V. INTERMOUNTAIN RAILWAY, LIGHT & POWER COMPANY, APPELLANT.

FILED APRIL 11, 1922.   Nos. 21907, 22117, 22118.

1. **Negligence: ADMISSION OF EVIDENCE.** In this an action to recover for loss caused by a fire alleged to have been communicated from an ash pile negligently kept and maintained by the defendant,

it was not erroneous to admit evidence as to the manner of hand-
ling the ashes, and tending to prove that fire had been seen in the
ash pile at various times before the fire which caused the damage,
and that this condition of the ash pile was continuous.

2  **Damages: DESTRUCTION OF BUILDING BY FIRE.** The measure of
damages for the destruction of a building by fire, or the partial
destruction thereof to such an extent that restoration would not
be advisable, is, in cases where the building forms a part of the
real estate and such real estate has a market value, the diminu-
tion in the value of such real estate at the time of and on account
of such fire, plus interest at the legal rate.

3.  **Negligence: INSTRUCTIONS.** An instruction upon the law of con-
tributory negligence which ignores and is in conflict with the
rule of comparative negligence established by section 7892, Rev.
St. 1913, is erroneous.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed as to Morgan
and Hilbert cases, and reversed as to Davenport case.*

*Porter & Percy* and *F. A. Wright,* for appellant.

*G. T. H. Babcock, Earl McDowell* and *M. F. Harrington,*
contra.

Heard before LETTON, DEAN and DAY, JJ., BLACKLEDGE
and TEWELL, District Judges.

TEWELL, District Judge.

These three actions were begun separately in the same
court, the object of each of which was to recover damages
alleged to have been sustained by fire originating on ac-
count of the negligence of the defendant, a corporation.
The cause wherein Theodore Davenport and Home Insur-
ance Company were plaintiffs was tried in June, 1920,
and for convenience is hereinafter referred to as the Dav-
enport case, and the other two causes, in one of which
David V. Morgan and Phœnix Insurance Company were
plaintiffs, which is hereinafter referred to as the Morgan
case, and in one of which Martha C. Hilbert was plaintiff,
which is hereinafter referred to as the Hilbert case, were
by agreement tried together in November, 1920. The trials

resulted in favor of the plaintiffs in each cause, and the defendant has appealed in each cause to this court. By stipulation the three actions have been submitted to this court together and all plaintiffs have joined in one answer brief. A separate transcript and bill of exceptions have been filed in this court in each action, but the instructions of the court and bill of exceptions are alike in the two last mentioned actions. The three causes were submitted to this court without oral argument.

The defendant corporation on September 14, 1918, owned and operated an electric light plant at Chadron, Nebraska, the same being situated on lot 10, in block 4, original town-site of Chadron, just south of the Chicago & Northwestern railway, which ran east and west. Adjoining defendant's property to the south was lot 9, on the west end of which was situated a blacksmith shop and small paint shop, the rear or east end of this lot being vacant. Lot 9 and the buildings thereon belonged to plaintiff Hilbert. To the south of the Hilbert lot was lot 8, on the west end of which was situated a feed barn. A tight board fence about eight feet high ran from the east end of the feed barn and along the north line of lot 8 to the alley, which ran north and south along the rear end of said lots. This lot 8 and improvements thereon belong to plaintiff Davenport. Adjoining lot 8 to the south was lot 7, on the west end of which was situated a frame metal-covered two-story hotel, which lot and hotel were owned by plaintiff Morgan. For at least two years continuously before September 14, 1918, the defendant corporation had hauled the coal ashes from its furnaces situated on lot 10 to the vacant rear half of the Hilbert lot under some kind of an agreement with Hilbert. These ashes were hauled daily and at different times were partly hauled away in wagons. On September 14, 1918, the ashes had formed a pile three or four feet high in places, which covered a large portion of the rear half of the Hilbert lot. The south side of the ash pile was at leas' within a few feet of the said high board fence, and at places,

perhaps, had rolled down against the fence. On September 14, 1918, a fire broke out along this fence about half way between the alley and the feed barn; witnesses for the plaintiffs in each case claiming it started on the north wall of this fence, and witnesses for the defendant in each case claiming it started in some hay on the inside of said fence on the Davenport lot. The paint shop on the Hilbert property and the barn and fence on the Davenport property were completely destroyed and the hotel on the Morgan property was partly burned.

Assignments of error Nos. 4, 5 and 7 in the Morgan and Hilbert cases and Nos. 3, 4, 5, 6, 7, 9 and 10 in the Davenport case all relate to alleged error on the part of the trial court in permitting witnesses for plaintiffs to testify, over objection, as to the condition of the ash pile relative to containing fire in 1917, more than a year before the fire, and as to the usual manner of handling the ashes at that time, and as to conversations between employees of the defendant company at that time concerning the likelihood of fire from the ash pile, and as to fire having been seen in the ash pile at various times in 1917 and at other times prior to the date of the destruction of the buildings. It will readily be seen that the plaintiffs in each of these cases had the burden of proving, not only that the fire originated from the ash pile, but also that defendant was guilty of actionable negligence in maintaining the ash pile. The dangerous tendency of an object or condition and of knowledge thereof on the part of one charged with negligence are main elements entering into legal negligence, and competent proof of the existence of such dangerous tendency either prior or subsequent to the date of the negligence charged, and the prior knowledge thereof on the part of the one charged, should be admitted, where proof of negligence is necessary for a recovery, unless in the discretion of the trial court it seems to involve a serious inconvenience by way of unfair surprise or confusion of issues, the interval of time to which any inference will be allowed, and whether or not substantial similarity of con-

ditions shall first be proved depending upon the nature of the thing and the circumstances of the particular case. See 1 Wigmore, Evidence, secs. 437, 452. In section 437 it is said, in part:

"This general principle that a prior or subsequent existence is evidential of a later or earlier one has been repeatedly laid down, and has even been spoken of as a presumption. That no fixed rule can be prescribed as to the time or the conditions within which a prior or subsequent existence is evidential, is sufficiently illustrated by the precedents, from which it is impossible (and rightly so) to draw a general rule. They may be roughly grouped into two classes—those in which the evidence has been received without any preliminary showing as to the influential circumstances remaining the same in the interval (thus leaving it to the opponent to prove their change by way of explanation in rebuttal), and those in which such a preliminary showing is required. Whether it should be required must depend entirely on the case in hand, and it is useless to look or to wish for any detailed rules."

One should distinguish, of course, between the use of a subsequent *repaired condition* as an admission of negligence, which is not allowable, and the use of a subsequent *dangerous* condition as evidence of such dangerous condition at the time of the negligence charged. In this case the evidence shows that the ash pile was for the most part continuous, and added to daily, and we therefore think that the evidence complained of falls within the above rules and was admissible to prove the existence of a dangerous tendency or condition and notice thereof on the part of the defendant as elements of negligence, and this without further proof of substantial similarity of conditions than was made by the plaintiffs.

Assignments of error Nos. 1, 2, 3 and 4 in the Morgan and Hilbert cases, and Nos. 1 and 2 in the Davenport case all relate to the sufficiency of the evidence to sustain the verdict. There is evidence in the record in each case that complaint had been made to the manager of the defendant

corporation several times before September 14, 1918, about the existence of fire in these ashes, and the likelihood of fire being set to adjoining property, and also that on the date of the fire the ashes were very hot. The evidence on behalf of the defendant discloses that the ashes were drawn from the grates into a pit of water before being hauled to the pile, and also that a week or two before the date of the fire the defendant's employees had procured the city fire hose and had thoroughly wetted the ash pile. We think, after completely reading the record in each case, that there is sufficient evidence to warrant the finding that the fire originated from these ashes, and that the defendant was guilty of negligence in maintaining the ash pile in the condition it did, and such finding on conflicting evidence should not be disturbed on appeal.

These assignments of error as to the sufficiency of the evidence, together with assignment of error No. 13 in the Davenport case relating to the instruction given by the court as to the measure of damages, raise the question as to the sufficiency of the evidence on the amount of damage and as to the proper rule for the measure thereof. The instruction given by the trial court in the Davenport case as to the measure of damages is as follows:

"Should you find a verdict for the plaintiffs in this case, it would be your duty to allow the plaintiffs all damages which resulted from the burning of plaintiff Davenport's barn and other buildings. And in fixing the amount of such damage you will carefully consider all the evidence before you as to the value of said property at the time it was destroyed, and award the plaintiff such damages as will compensate him for his loss as shown by the evidence, however, not exceeding the amount claimed in the petition."

The evidence in the Davenport case shows that the barn was built in 1898, and whenever the land upon which it was situated was sold the building was sold as a part and parcel thereof. The evidence in the Davenport case as to the amount of the damage, which was given over objec-

tion, was the evidence of the plaintiff Davenport, as follows: "Do you know about what was its fair value, as it stood there—not to move it out, but as it stood there for the use it was intended for? Do you know about what its fair value was? A. The barn? Q. Yes; the barn and living room and all put together? A. Well, I don't know that I do. Q. You don't know what your property was worth? A. I should say $3,000"—and also evidence that the rental value of the property was $300 a year, evidence of the size of the building, and that the same was built in 1898, very meager evidence as to the quality of the material in the building, practically no evidence as to its condition of decay, and the evidence of William Weaver as to the separate items necessary to replace the building in a new condition, including labor, on the date of the fire; the total cost of such items being $2,467.56. The amount of the verdict was $1,900.

The basic principle of the law of damages is that such compensation in money shall be allowed for the loss sustained as will restore the loser to the same value of property status as he occupied just preceding the loss. No hard and fast rule can be laid down for all cases as to the measure of damages in case of the destruction of a building by fire. In some cases the property might not have any market value, or the building might not be a part of the real estate, or, in case of partial destruction, a restoration of the building might be advisable, in which cases different rules would apply. The measure of damages for the destruction of a building by fire, or the partial destruction thereof to such an extent that restoration would not be advisable, is, in cases where the building forms a part of the real estate and such real estate has a market value, the diminution in the value of such real estate at the time of and on account of such fire, plus interest at the legal rate. This court has applied this rule to cases arising out of the destruction of a perennial crop, such as alfalfa. *McKee v. Chicago, B. & Q. R. Co.*, 93 Neb. 294; *Thompson v. Chicago, B. & Q. R. Co.*, 84 Neb. 482; *Morse v. Chicago,*

*B. & Q. R. Co.,* 81 Neb. 745. The trial court applied this rule in the Morgan and Hilbert cases, but, as above shown, did not apply it in the Davenport case. We think that there was not sufficient competent evidence before the jury in the Davenport case upon which to base a verdict as to the diminution in the value of the real estate on account of the fire.

Defendant also complains about the instruction concerning contributory negligence, raised by the answer in all these cases. There is no evidence of any contributory negligence in the Morgan and Hilbert cases, and the negligence of plaintiff Davenport, if any, could not be imputed to the other plaintiffs. In the Davenport case an ordinance prohibiting the keeping of hay, trash and other combustible waste in the open was pleaded and introduced in evidence, and there was some evidence of such combustible waste having been near the ash pile and of the fire having started therein. In this regard the court instructed:

"That the burden of proof is upon the defendant, and that if the defendant has proven by a preponderance of the evidence that, at the time and before the fire in this case, the plaintiff permitted combustible material to accumulate upon his premises, as alleged by defendant, and that the fire which destroyed his property was caused by the accumulation of such rubbish and combustible materials and without fault or negligence on the part of defendant, then your verdict should be for the defendant."

This instruction was erroneous. By section 7892, Rev. St. 1913, in actions to recover damages for injuries to a person or to his property, caused by the negligence of another, contributory negligence does not bar a recovery, when such contributory negligence was slight and the negligence of the defendant was gross in comparison. *Morrison v. Scotts Bluff County,* 104 Neb. 254. No definition of slight negligence or of gross negligence is found in the instructions.

We have examined all other assignments of error in each case and believe that substantial justice has been done in

the· Morgan and Hilbert cases.

For reasons above stated, the judgments rendered in the Morgan and Hilbert cases are affirmed at cost of defendant, and the judgment rendered in the Davenport case is reversed at the cost of the plaintiff therein and the said cause remanded for further proceedings.

JUDGMENT·ACCORDINGLY.