RICH S. PECKHAM ET AL., APPELLEES AND CROSS-APPELLANTS, v. KENNEY F. DEANS ET AL., APPELLANTS AND CROSS-APPELLEES.

181 N. W. 2d 851

Filed December 11, 1970. No. 37559.

Wright, Simmons & Hancock, for appellants.

Atkins, Ferguson & Nichols, L. M. Hahn, and Hugh H. Atkins, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This case arises out of a contract between Valley Developers, Inc., and Kenney F. Deans for the sale of 36 lots in McKinley's Fourth Addition to the city of Scottsbluff, Nebraska. The property involved was sold by Rich S. Peckham to Valley Developers, Inc., on contract. Valley Developers, Inc., then entered into the agreement with Deans who was a builder.

The contract provided generally for the payment of

$5,000 to Valley Developers, Inc., plus $3,800 for each lot. Deans agreed to purchase and pay for 7 lots within 1 year after November 5, 1965, the date that water, sewer, and pavement were completed in the first addition. The $5,000 payment was to be applied to the purchase price of the last two lots, but in the event of default by Deans, the contract was to terminate and no part of the $5,000 was to be repaid to Deans.

The contract further provided that Deans would purchase at least another 7 lots in each of the second, third, and fourth years after completion of the improvements in the first addition, and would purchase the balance of the lots in the following year. Valley Developers, Inc., agreed to convey the lots free of all encumbrances except special assessments. The amount of the special assessments was to be deducted from the balance due Valley Developers, Inc., upon payment for each lot. Deans purchased 5 lots during the first year; 7 lots during the second year; 2 lots during the third year; and 3 lots during the fourth year.

At the time the contract was made, W. F. McKinley and Herbert Ziegler each owned one-half of the stock in Valley Developers, Inc. In 1967 Ziegler acquired the stock owned by McKinley and became the sole stockholder in the corporation.

Deans purchased 2 lots on March 17, 1969. At about this time Ziegler became dissatisfied with the contract and the performance by Deans. Ziegler asked Deans to release 2 lots so that they could be sold to another builder, but Deans refused. There was also a dispute concerning taxes, interest on special assessments, and an alleged oral modification of the contract as to the price for each lot.

Ziegler had his lawyer prepare a revised form of agreement which was submitted to Deans on March 27, 1969. Difficulties developed concerning a time for a conference to resolve the differences. This action was filed on April 1, 1969, for strict foreclosure of the contract.

By cross-petition the defendants sought an accounting and a construction of the contract.

On April 2, 1969, the day after the action was filed, Deans offered to purchase 4 lots. This offer, if it had been accepted, would have eliminated the default which existed at the time the action was commenced.

The trial court found that Deans was in default; that the plaintiff was entitled to strict foreclosure; that the defendants were entitled to no relief on their cross-petition; that Deans was indebted to Valley Developers, Inc., in the amount of $215.50; and that the defendants should have 60 days in which to redeem by purchasing the remaining 19 lots. The defendants appeal and the plaintiffs have cross-appealed.

The defendants' principal contention is that the plaintiffs had no right to foreclosure at the time the action was commenced. The defendants' theory is that the plaintiffs had waived all prior defaults and that the defendants were entitled to a demand for performance with a reasonable time in which to comply before an action could be commenced.

Ordinarily, the acceptance of performance after a default in performance waives the right to rely upon the default. See Wegner v. West, 169 Neb. 546, 100 N. W. 2d 542. Under the facts in this case, the acceptance by Valley Developers, Inc., of the performance by Deans during the second year was a waiver of his default during the first year.

Although we find that Valley Developers, Inc., waived the default of Deans which occurred during the first year, Deans was clearly in default at the end of the third year. If the 3 lots purchased after November 5, 1968, are credited to the third year, Deans' total purchases for that year were 5 lots instead of 7. Thus, Deans was in default at the time the action was started.

The general rule is that a demand for performance is not necessary unless required by the terms of the contract or its peculiar nature. See, 17A C. J. S., Contracts,

§ 478, p. 674; 17 Am. Jur. 2d, Contracts, § 356, p. 794. The contract in this case provided for the purchase of 7 lots per year for the first 4 years after November 5, 1965. Valley Developers, Inc., was not required to demand that Deans perform the contract.

The contract provided that Deans would pay an additional $50 for each lot in Blocks 6, 7, and 8 because Valley Developers, Inc., had agreed to enclose the irrigation lateral in tile where it crossed the property east of Twelfth Avenue. The plaintiffs contend that there was an oral modification of the contract in that Deans would pay an additional $50 for each lot in Blocks 3, 4, and 5 for enclosing the irrigation lateral in tile where it crossed the property north of Thirty-eighth Street. The trial court found against the plaintiffs on this issue and we believe the finding was correct.

The plaintiffs also contend that Valley Developers, Inc., had no obligation to pay any interest on special assessments. The contract provided that upon payment for each lot, the balance due Valley Developers, Inc., "will be reduced by the amount of the special assessments and the special assessments will be paid at that time." The trial court found that Valley Developers, Inc., was required to pay the interest on the special assessments up until the time when the lots should have been conveyed to Deans. We think this finding was correct except that Valley Developers, Inc., waived the default which occurred during the first year.

The trial court computed the indebtedness of Deans to Valley Developers, Inc., by charging a portion of the interest on special assessments, general taxes, and interest to Deans and crediting him with a $300 overpayment for 6 lots.

While we agree generally with the trial court's interpretation of the contract, we find that neither party is entitled to an accounting with respect to the purchase of the first 17 lots.

The record in its present state is inadequate to permit

a satisfactory accounting as to these transactions. More important, each purchase was handled as a separate transaction and, in effect, there was a settlement between the parties as to that transaction. The law favors and encourages settlements, and in the absence of fraud or mutual mistake they should not be set aside. See Lortscher v. Winchell, 178 Neb. 302, 133 N. W. 2d 448. Under the circumstances in this case, these transactions should not be set aside or recomputed.

The contract originally provided that Deans would purchase all 36 lots within 5 years after November 5, 1965. We think that the defendant Deans should be given an additional 60 days from and after the entry of judgment on the mandate in this case in which to perform the contract by purchasing the remaining 19 lots.

The judgment of the district court is modified to provide that the defendant Deans shall have 60 days from and after the entry of judgment on the mandate in this case in which to perform the contract by purchasing the remaining 19 lots. The judgment is further modified by deleting the judgment against Deans in the amount of $215.50. The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.