JOHN GUNSET ET AL., APPELLANTS, v. DAVID MOSSMAN, APPELLEE.

243 N. W. 2d 783

Filed July 14, 1976. No. 40527.

Warren C. Schrempp, Thomas G. McQuade, and Richard E. Shugrue of Schrempp, Dinsmore & McQuade, for appellants.

Warren S. Zweiback and Mark L. McLaughlin of Zweiback & Laughlin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for breach of contract arising from a clause in a purchase agreement for the sale of the defendant's home to the plaintiffs. The suit originated in the municipal court of the City of Omaha, Nebraska,

where judgment was entered for the plaintiffs in the amount of $2,400 damages. The defendant appealed to the District Court for Douglas County, Nebraska, where the court tried the case de novo on the record. The District Court entered judgment for the defendant and subsequently overruled the plaintiffs' motion for a new trial. We affirm the judgment of the District Court.

The essential facts of this case are not in dispute. On August 25, 1972, the plaintiffs, John and Veronica Gunset, entered into a purchase agreement with the defendant to buy a home located at 301 South Fifty-seventh Street, Omaha, Nebraska. The defendant and his family had lived in the home for approximately 7 years. During that period, the boiler, the subject matter of this contract dispute, *was checked annually by a heating and plumbing contractor and flushed in accordance with maintenance directions.* Although the boiler admittedly leaked throughout the 7 years the defendant resided there, it continued to provide adequate heat through the date of the home's sale to the plaintiffs.

Among the provisions embodied in the standard agreement was the following clause: "Seller agrees to maintain, until delivery of possession, the heating, air conditioning, water heater, sewer, plumbing and electrical systems and any built-in appliances in *working condition.*" (Emphasis supplied.)

Shortly after taking possession of the house, Mr. Gunset called the Metropolitan Utilities District, requesting inspection of the furnace' boiler. On September 22, 1972, an employee of the Metropolitan Utilities District inspected the boiler, affixing a "red-tag" to the unit. Pertinent language on the tag stated that the boiler was leaking water and that "correction of the above condition is required by our rules and regulations."

Within a short time following this inspection, the plaintiffs and the real estate company, N. P. Dodge Company, contacted the defendant, notifying him of the

leak in the boiler. Sometime in October 1972, the plaintiffs employed a licensed heating and air conditioning contractor to examine the boiler. Upon learning the estimated expenses necessary to replace the boiler, the plaintiffs filed suit. Nothing was apparently done to remedy the condition and, for the following 2 years, the plaintiffs continued to use the furnace while living in the house.

The sole issue before this court on appeal is whether the defendant breached a condition in the purchase agreement requiring the heating system to be maintained in "working condition" until the plaintiffs obtained possession of the house. No allegations of fraud are raised.

This court has long followed the elementary, yet basic, proposition that to effectuate the purposes for which it is made, a contract must receive a reasonable construction consistent with the intention of the parties existing at the time it was entered into. O'Connor v. Burns, Potter & Co., 151 Neb. 9, 36 N. W. 2d 507; General Motors Acceptance Corp. v. Blanco, 181 Neb. 562, 149 N. W. 2d 516. Through construction, the court seeks to enforce the contract made by the parties, not to create a new one. Bushman Constr. Co. v. Sanitary Dist. No. 1 of Lancaster County, 138 Neb. 538, 293 N. W. 380. We believe that an examination of the uncontroverted circumstances in this case demonstrates that the plaintiffs seek to impose an unreasonable interpretation of the words "working condition" in the purchase agreement.

Of particular importance in this case are the actions of the parties preceding the signing of the agreement and the reasonable expectations attending such actions. Under direct examination by his counsel, Mr. Gunset stated that the boiler looked in "excellent" condition when he inspected it prior to signing the purchase agreement. But the record shows that at no time did the defendant make any representations with regard to

its operating condition, present or future. Additionally, the plaintiffs made no further inquiry as to the boiler's operation, notwithstanding their awareness that the furnace was probably as old as the house, approximately 50 years. Under such circumstances, the plaintiffs could only reasonably expect to acquire the furnace in its existing condition. This conclusion is supported by the language in the purchase agreement that the plaintiffs *subsequently* signed. The sentence immediately preceding the clause cited above reads: "This offer is based upon my personal inspection or investigation of the premises and not upon any representations or warranties of condition by the Seller or his agent."

The plaintiffs' primary contention is that expert testimony elicited at the trial is instrumental in determining whether the furnace was in "working condition" upon transfer of possession. Based upon examination of the degree of calcium deposits built up on the section containing the leak 2 years after execution of the agreement, these experts concluded that, in their opinion, the boiler was not in working condition at delivery of possession. The error in the plaintiffs' contention is that they seek to substitute the judgment of experts for the understanding of the parties existing at the date the contract was entered into. It is that understanding of "working condition" which is controlling.

The only reasonable interpretation of the words "working condition" under the facts of this case is that the defendant agreed to deliver possession of the furnace in the same operating condition existing at the time the agreement was signed. The clause in dispute was not a warranty. Since no allegation is made that the boiler's condition worsened from the date the agreement was signed to the date the plaintiffs obtained possession, the plaintiffs received all they bargained for.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.