John Rosenberry, appellee, v. Bob Beck, appellant.

289 N. W. 2d 523

Filed March 4, 1980. No. 42675.

Luckey, Sipple & Hansen, for appellant.

No appearance for appellee Rosenberry.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and MARTIN, District Judge.

WHITE, J.

This is an appeal from a judgment of the District Court for Platte County, Nebraska, which affirmed a judgment for plaintiff Rosenberry in the Small Claims Court of Platte County, Nebraska. We reverse and dismiss.

On May 13, 1978, the appellant, Bob Beck and wife, entered an agreement of sale and purchase with appellee, John Rosenberry and wife, to sell certain residential property in Columbus, Platte County, Nebraska. The purchase agreement recited in part that: "This offer is based upon (our) personal inspection or investigation of the premises and not upon any representation on warranties of condition by the Seller or his agent. Seller agrees to maintain, *until delivery of possession,* the heating, air conditioning, water heater, sewer, plumbing and electrical systems and any built-in appliances in working condition." The Rosenberrys took possession of the property in June 1978. In September 1978 they called an employee of the gas company. At that time the furnace was found to have a crack in

the firebox. The furnace was red-tagged, which meant the gas company considered it unsafe for operation. The evidence indicates that the appellant Beck lived in the home from June 1969 to June 1978; that they had operated the furnace during the regular heating season and had experienced no difficulty. The evidence indicated and the trial court found that the appellant Beck had no knowledge that the firebox in the furnace was cracked either at the time possession was surrendered or thereafter. Although not cited in the brief, the case at bar is governed by a case in which the facts are strikingly similar. Gunset v. Mossman, 196 Neb. 529, 243 N. W. 2d 783. In that case the purchasers, Gunsets, entered into a real estate contract to buy a home in Omaha, Nebraska. The seller and his family had lived in the home for approximately 7 years. During that period, the boiler, the subject matter of the contract dispute, was checked annually and continued to provide adequate heat through the date of the sale to the buyers. The contract provision in the Gunset case is identical to the provision in the case at bar. Shortly after taking possession of the house, an employee of the Metropolitan Utilities District, on September 22, 1972, inspected the boiler and affixed a "red-tag" to the unit. The pertinent language on the tag stated that the boiler was leaking water and that correction of the above condition was required by rules and regulations.

The sole issue before the court in the Gunset case, as here, was whether the seller breached a condition of the purchase agreement requiring the heating system to be maintained in a working condition until the buyers obtained possession of the house. As in this case, the Gunsets relied on expert testimony elicited at the trial in determining whether the furnace was in working condition upon transfer of possession. There, the expert testified, as here, that possibly the leak was present at the time the sale

contract was executed. The District Court reversed a judgment in favor of the buyers, and Chief Justice Paul White, writing for this court affirming the judgment, said: "The error in the plaintiffs' contention is that they seek to substitute the judgment of experts for the understanding of the parties existing at the date the contract was entered into. It is that understanding of 'working condition' which is controlling.

"The only reasonable interpretation of the words 'working condition' under the facts of this case is that the defendant agreed to deliver possession of the furnace in the same operating condition existing at the time the agreement was signed. The clause in dispute was not a warranty. Since no allegation is made that the boiler's condition worsened from the date the agreement was signed to the date the plaintiffs obtained possession, the plaintiffs received all they bargained for."

The judgment of the trial court is reversed and the cause dismissed.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.