ANTHONY A. FINK AND MARY M. FINK, APPELLANTS, V. DONALD E. DENBECK AND DARLENE C. DENBECK, APPELLEES.

293 N. W. 2d 398

Filed June 17, 1980. No. 42650.

Edward E. Hannon of Cronin, Hannon & Symonds, for appellants.

Arlen D. Magnuson, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an action by the plaintiffs, Fink, who had purchased a residential property from the defendants, Denbeck, for damages on account of breach of a warranty contained in the contract of sale and for alleged misrepresentations made by the defendants that the basement was free of moisture seepage. The plaintiffs prayed for monetary damages in the sum of $5,039, the amount claimed to be necessary to correct the seepage problem by the construction of an exterior perimeter trench drain system. The defendants' answer included a general denial, and further alleged that the plaintiffs did not, previous to the commencement of the action, give any notice of "alleged moisture in the basement." They stated that any moisture in the basement "was the result of acts of God and that the defendants are not . . . responsible for any alleged damage in accordance with the contract that has been attached to the plaintiff's petition."

The contract contained the following warranty: "Seller warrants basement to be dry from outside moisture for a period of one year." The execution of the contract and the fact that it contained the warranty were admitted by the defendants. Plaintiffs introduced evidence to show that, on two separate occasions in the period covered by the warranty, outside water seeped through basement walls and the slab, and that the condition would continue un-

less repairs were made.

Two issues only were submitted to the jury: (1) Did the plaintiffs prove by a preponderance of the evidence that there was such an amount of water seepage during the period covered by the warranty as amounted to a failure of the basement " ' to be dry from outside moisture for a period of one year,' " and (2) The fair and reasonable cost on the last day of the warranty period of placing the residence in such condition that the basement is " 'dry from outside moisture.' " The jury rendered a verdict for the plaintiffs in the sum of $2,350.

Both sides filed motions for a new trial. The plaintiffs' motion assigned as error: (1) The refusal of the court to permit amendment of the plaintiffs' petition to include as an alternate measure of damages the difference in the value of the property with the defect and the value had it been as represented, and to permit evidence on that issue; (2) Failure to instruct the jury on the issue of misrepresentation; and (3) Action of the court in setting aside the jury verdict. The defendants, in their motion, assigned various errors, including failure of proof and failure to grant a motion for a directed verdict at the close of the plaintiffs' case.

The court found that it ought to have granted the defendants' motion for a directed verdict because the plaintiffs failed to make "a demand" upon the defendants prior to commencing the action. It then set aside the verdict and dismissed the plaintiffs' petition. Plaintiffs ask the court to either grant them a new trial or reinstate the jury verdict. We reverse and remand with directions to reinstate the verdict.

Two issues are determinative of the appeal. First, was the trial court justified in setting aside the verdict and dismissing the plaintiffs' petition? and, second, if it was not, were the plaintiffs prejudiced by the refusal of the court to permit the jury to consider a cause founded upon misrepresentation and a

measure of damages founded upon difference in market value of the property?

The defendants argue that, under the provisions of Nebraska U.C.C. § 2-607(3) (Reissue 1971), a buyer must give notice of breach within a reasonable time after discovery and, therefore, the trial court was correct in setting aside the verdict. The plaintiffs seem to concede that § 2-607(3) governs, but respond that, in an action founded upon misrepresentation, no notice is required. Therefore, plaintiffs were damaged by the court's refusal to submit the misrepresentation issue and to allow damages based upon the difference in the value of the property with and without the defect.

Insofar as the applicability of the Uniform Commercial Code is concerned, both parties are mistaken. Section 2-607(3) pertains only to the sale of "goods." "Goods," as defined in the Uniform Commercial Code, §§ 2-105, 106, and 107, does not include real property.

The Uniform Commercial Code not being applicable, we must determine whether, in an action on a warranty as to the condition of improvements on real property contained in a contract for the purchase of the real estate, there exists any requirement in the law that it is a condition precedent to an action that plaintiffs give notice of the defect, or make demand of some sort, before commencing a suit.

The general rule is that a demand for performance is not necessary unless required by the terms of the contract or its peculiar nature. *Peckham v. Deans,* 186 Neb. 190, 181 N.W.2d 851 (1970). See, 17A C.J.S. *Contracts* § 478 (1963); 17 Am. Jur. 2d *Contracts* § 356 (1964). In this case, the warranty was absolute. There was no contractual provision for notice. The law would imply none, for the defendants were not required to perform any act. Liability accrued for damages in accord with the appropriate

measure of the case immediately after the warranty was breached by the occurrence of seepage. Even in the case of warranties in connection with the sale of personal property, absent code provisions, failure to give notice does not bar the right to damages. *A.F.P. Co. v. Davenport V. & P. Wks.,* 172 Iowa 683, 154 N.W. 1031 (1915).

Further, the law does not require the doing of a useless act. The defendants, in their answer, denied there was any defect. Demand for payment of damages would have been unavailing. *American Income Ins. Co. v. Kindlesparker,* 110 Ind. App. 517, 37 N.E.2d 304 (1941).

The defendants have not cited to us any case which supports their position relative to notice or demand. Neither did the trial court cite authority in support of the reason it gave for setting aside the judgment.

The plaintiffs were not prejudiced by the trial court's refusal to permit consideration of a cause founded solely upon misrepresentation because: (1) Under the evidence in this case, the measure of damages is the same whether the cause was founded upon misrepresentation or express warranty, i.e., the reasonable cost of remedying the defect, or the difference in value of the property with or without the defect, whichever is less; and (2) An action on an express warranty of condition and one founded essentially on a misrepresentation of condition inducing the contract are essentially the same in their purpose, since the misrepresentation gives rise to an implied warranty.

The principle which underlies the determination of the proper measure of compensatory damages has several times been stated by this court. The measure of damages in the case of a breach of contract is the amount which will compensate the injured party for the loss which the breach has entailed. *Numon v. Stevens,* 162 Neb. 339, 76 N.W.2d

232 (1956); *Davenport v. Intermountain R. L. & P. Co.,* 108 Neb. 387, 187 N.W. 905 (1922). In the latter case we said:

> The basic principle of the law of damages is that such compensation in money shall be allowed for the loss sustained as will restore the loser to the same value of property status as he occupied just preceding the loss. No hard and fast rule can be laid down for all cases as to the measure of damages in case of the destruction of a building by fire. In some cases the property might not have any market value, or the building might not be a part of the real estate, or, in case of partial destruction, a restoration of the building might be advisable, in which cases different rules would apply.

*Id.* at 393, 187 N.W. at 907.

Which measure of damages is to be applied, i.e., cost of repairs or difference in value with or without defect or injury, depends upon the evidence in the particular case. Where the defect may be remedied, the ordinary measure is the cost of restoring the property to its former condition or remedying the defect. *Wendt v. Yant Construction Co.,* 125 Neb. 277, 249 N.W. 599 (1933); *Numon v. Stevens, supra; Koyen v. Citizens Nat. Bank,* 107 Neb. 274, 185 N.W. 413 (1921). In cases where the defect or damage cannot be remedied, the usual measure of damages is the difference in value between the thing as represented and its actual value. *Welch v. Reeves,* 142 Neb. 171, 5 N.W.2d 275 (1942). In the case of temporary injury to real estate, the measure is the loss sustained and includes cost of repairs not exceeding the diminution in value. *Hunt v. Chicago, B. & Q. R.R. Co.,* 180 Neb. 375, 143 N.W.2d 263 (1966). An injury to a structure on real estate capable of reasonable repairs if fully compensated by a sum sufficient to make the repairs. *Mikkelsen v. Fischer,* 347

S.W.2d 525 (Ky. 1961).

In this case, the plaintiffs' own evidence on the cost of remedying the defect and its offer of proof of the difference in value of the residence with or without the defect show that the cost of repairs was the lesser and would, in effect, make the plaintiffs whole.

We have earlier noted in our statement of the case that, because the making of the warranty was undenied at trial, the only fact questions submitted to the jury were (1) Did seepage occur? and (2) What is the reasonable cost of repair to prevent such seepage? Even though the plaintiffs may have been entitled to recover on an alternate theory of misrepresentation relied upon by them, the measure of damages in such a case is the same as in the case of express warranty under the facts before us. It follows that they were not prejudiced by the court's ruling in connection with the alternative theory of recovery.

The two alternative theories are essentially the same. Some courts have held that a false representation made concerning the subject matter of a contract or as to any material matter concerning the same are ordinarily the equivalent of a warranty. *Callahan Construction Co. v. The United States,* 47 Ct. Cl. 177 (1912).

There appearing in the record or in the law no justification for the court's action in setting aside the verdict and dismissing the plaintiffs' petition and the plaintiffs not having been prejudiced by the court's other rulings, the cause is remanded with directions to reinstate the jury verdict, rather than for a new trial. We note that no assignment was made as to the sufficiency of the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.